UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS

ANTONIO MEDEROS )
                              )
                    PETITIONER, )
                              )
V. )
                              ) Immigration Court Removal Proceeding #:
                              )
BRUCE CHADBOURNE, Inteim      )     A23-216-636
Field Office Director for Detention )
and Removal, Boston Field Office, )
Bureau of Immigration and Customs ) CIVIL ACTION NO:_____
Enforcement; the Bureau of Immigration )
and Customs Enforcement, )              _____
                              )
Superintendent, Robert Murphy of )      _____
Nemansket Correctional Center, )
or Aka, Massachusetts Treatment Center. )
                    DEFENDANT, )

" PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. 2241"

    Petitioner, Antonio Mederos, here by Petitions this court
for Writ of Habeas Corpus to remedy his Unlawful detention, and
to enjoin his continued Unlawful detention by the Respondents.
    In support of this petition and complaint for injunctive
relief, Petitioner alleges as Follows:

1)   Petitioner, Antonio Mederos, has been a Lawful Resident
     of the United States, And a Native and Citizen of Cuba.
     Mr. Mederos was ordered by the Immigration Judge of Federal
     Court deported on July.25,2001 and has NOT been taken into
     Immigration Custody as of this Date put in hand. he has
     been illegally Committed to the Mass Treatment Center or
     as its true name is Nemansket Correctional Center which
     is a Prison for One day to his natural life by a Superior
     Court Judge, that Overrode the Federal Court judges order
     to deport the Petitioner, Antonio Mederos.

2)   The Respondent, **Alberto Gonzalez** is the Attorney General
     of the United States and is responsible for the Administration
     of I. C. E. and the implementation and enforcement of the
     Immigration Laws. As such, he is the Ultimate Legal Custodian
     of the Petitioner, Antonio Mederos.

3) The Respondent, Bruce Chadbourne is the Interim Field Office
   Director for detention and Removal, Boston Field Office, Bureau
   of Immigration and Customs Enforcement, Department of Home
   land Security.
   as such, he is the local I. C. E.  Official who has or is
   suppose to have immedate Custody of the Petitioner, Antonio
   Mederos.

4) The Respondents Department of Homeland Security is the Agency
   Charged with implementing and enforcing the Immigration Laws.

5) The Respondent, Kathleen. M. Dennehy is Acting Commissioner,
   of the Massachusetts Department of Corrections, Because I. C. E.
   Contracts with state prisons such as the Nemansket Correctional
   Center, a Prison, in Bridgewater, Mass. to house Immigration
   Detainees or Commitments such as Petitioner, She has immediate
   Custody of the Petitioner, Antonio Mederos.

## CUSTODY

6) The Petitioner, is detained at the Nemansket Correctional
   center-a Prison, in Bridgewater, Mass. I. C. E. has supposiblely
   Contracted with the Nemansket Correctional Center to house
   immigration detainees such as Mr. Mederos the Petitioner
   the Petitioner is suppose to be under the direct Control
   of the Respondents in Question that is on the Front page.
   and their Agents.

## JURISDICTION

7) This action arises under the Constitution of the United states,
   the Immigration and Nationality Act ( " I N A " ), 8 U. S. C.
   § 1101 et. Seq. as Amended by the illegal Immigration Reform
   and Immigrant Responsibility Act of 1996 ( " IIRIRA " ), Pub.
   L. NO. 104-208, 110 Stat. 1570, and the Administrative
   Procedure Act ( " APA " ) , 5 U. S. C. § 701 et. Seq. This
   Court has Jurisdiction Under 28 U. S. C. § 2241, article I § 9,
   cl 2 of the United States Constitution ( " Suspension Clause " ),
   and 28 U. S. C. § 1331, as the Petitioner is presently in
   Custody under Color Code of the Authority of the United States,

and such Custody is in Violation of the Constitution, Laws,
or Treaties of the United States.
See: ZADVYDAS V. DAVIS, 533 U. S. 678, 121 S. Ct. 2491 ( 2001 ).

## VENUE

8) Venue lies in the District of Massachusetts, because Antonio
Mederos is Currently being detained at the Nemansket Correctional
Center. Venue in the Distrct of Massachusetts is improper
because petitioner is not in the Custody of the Respondent
Bruce Chadbourne, Interim Field Office Director of this
District, which encompasses Massachusetts. 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

9)     The Petitioner, has exhausted his Administrative remedies
to the exthent required by law, and his Only remedy is by way of
of this Judicial Action. After the Supreme Court decision in
**Zadvydas,** the department of Justice issued regulations
governing the Custody of Aliens ordered Removed.
See: 8 C. F. R. § 241.4  **This Petitioner has been ordered
Deported on 7/25/2001 and was NOT taken into I. C. E. Custody
on 1/14/03.**

10) No Statutory Exhaustion requirements apply to Petitioner's
claim of Unlawful detention in a Prison setting after many
numerous Letter have been written to Respondents.

## STATEMENT OF FACTS

### BACKGROUND

11) Petitioner, Antonio Mederos, was born in CUBA on May.10,1957,
the Petiener came to the U.S. on July.1,1980 looking for a
better life, as a **Mariel Cuban** the Petitioner lived in Lynn,
Mass. ( Before he was Arrested ) with his Girlfriend, Hilda
Sosa and his Daughter, his Closest Relatives are in the U.S.A.
(2) Brothers, One is Named Jesus Mederos and Alberto Mederos,

-3-

both are U.S. Citizens, the Petitioner did not have a Passport but had been accepted by U.S. Customs under Humanitarian reasons, I lived Only in Cuba.

12) On 9/18/1989, the Petitioner had been convicted of Indecent Assault & battery in Mass and Sentenced to 9 Months.

5/21/1991, I. N. S. had a warrent and charged the Petitioner, Antonio Mederos, DEPORTED, because The Petitioner was ordered removable to his Country Cuba by the Immigration Judge Leonard. I. Shapiro on July. 25, 2001. The Appeal was waived.

13) I. C. E. never took the Petitioner into Custody for deportation Status, the petitioner Completed his sentence on 1/14/03, and after about Six Months the Petitioner said to the woman that was incharged of Record Personnel within the Institution that " he has a deportation paper from Judge Leonard. I. Shapiro a Federal Immigration Judge, and that the Petitioner was suppose to be pick-up by the U. S. marshals, And approxitately 30 days form the day that the Petitioner spoke to the woman from Records, Donna Swanson, and stated that she must put a Stop to this Commitment of the Petitioner they then FORCEFULLY Committed the Petitioner to a Sentence of One day to his Natural Life, and that was instead of having the U.S. Marshal's Office come and pick up the Petitioner, and Committed the Petitioner Antonio Mederos to a Prison for the rest of his Life until he is dead.

The Petitioner never had anything to say abourt the juror's because Their were two of them that kept givening the Petitioner the F. Finger about Five times, The Lawyer was Inadequate and did not Defend the Petitioner NOT ONCE, its like he was set-up from the time the Petitioner stated the things he stated to Donna Swanson the incharge of record Personnel as to his Deportation Status. the Petitioner Antonio Mederos, has been Illegally Committed to this Country's Prison System for the rest of his Natural Life, their seem's to be something Seriously wrong with the Judicial System of this Country.

When from the date stated Previously, I. C. E., or the
Marshal's Dept. never came to take the Petitioner into Custody.

And just so the Judge know's what #7 Juror did to the
the Petitioner by giving the Petitioner the Finger about five
in many different ways under his eye and sticking it in his
ear in his nose also,

Plus, the interpater is a Witnesses on this incident the
Judge asked him if caught what the juror did by this action he
said Yes your Honor The Petitioner asked for a New trail, and
to dismiss this Petition, and to let the petitioner go to
I. C. E. Immigration.

## " LEGAL FRAMEWORK FOR RELIEF SOUGHT."

21) In Zadvydas, the Supreme Judicial Court held that 8 U.S.C.
§ 1231 (a)-(6), when " Read in light of the Constitution's
demans, Limited an Alien's post- removal-period detention
to a period reasonably nessary to bring about the Alien's
removal from the United States " Id 121 S. Ct. at 2498.
A " habeas must [first] ask whether the detention in
question exceeds a period reasonably necessary to secure
removal   " Id. at 2504. If the Individual's removal is
not reasonably Foreseeable, " the court should make all
effort to have the Plintiff removed from Prison and Placed
within the I. C. E.

22) Evidence showing successful repatriation of other persons
to the Country at issue is not sufficient to meet the
the government's burden to establish that an Alien Petitioner
will be deported within the foreseeable future See:
**THOMPSON V. INS, 2002, U. S. district Lexis 23936 ( E.d.
September.16,2002.)**

### COUNT ONE
### SUBSTANTIVE DUE PROCESS VIOLATION

23) **Petitioner's continued detention violates his right to
Substantive due process by depriving him of his Core Liberty
interest to be removed by force to the I. C. E. Headquarters.**

   The Due Process Clause requires that the deprivation of
petitioner's Liberty be narrowly tailored to serve a
Compelling Government Interest. While the respondents
would have a Compelling Government interest in detaining
the Petitioner in order to effect his deportation, that
interest does not exist if Antonio Mederos cannot be deported.
**THE SUPREME COURT IN ZADVYDAS** Thus interpreted INA § 241
to allow continued detention only for a period reasonably
necessary to serve the Aliens removal because any other
reading would go beyond the government's articulated interest
to effect the Aliens removal.

## COUNT TWO

### STATUTORY VIOLATION

24) Petitioner re-alleges and incorporates by reference Paragraphs 1 through 23 above.

25) **Petitioner's** continued detention by the Respondant's violates INA § 241 (a) (6), as interpreted in Zadvydas. Petitioner's six-month presumptively reasonable period for continued removal efforts passed Two Years (2) Ago. For the Reasons outlined above in Paragraphs 1 through 23, Petitioner's removal to Cuba is not reasonably foreseeable. **The Supreme Judicial Court held in Zadvydas** that the continued detention of someone after Six Months where deportation is not reasonably foreseeable is Unreasonable and in Violation of INA § 241.

### COURT THREE

### PROCEDURAL DUE PROCESS VIOLATION

26) **Petitioner** re-alleges and incorpates by reference Paragraphs 1 through 25 above.

27) **Under** the due process Clause of the United States Constitution, and alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The Petitioner in this case has been denied that opportunity as there is no Administrative Mechanism in Place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.

## PRAYER FOR RELIEF

**Wherefore,** the Petitioner prays that this Honorable Court grant the following relief:

1).     Assume Jurisdiction over this matter;

2).     Grant the petitioner a Writ of habeas Corpus directing the Respondent's to immediately have the petitioner taken from the Nemansket Correctional Center and brought to the I. C. E. per-order of the Federal Court Judge Leonard. I. Shapiro.

3).     Order the Respondent's to refraim from Delivering the Petitioner to a Jurisdiction other than the Jurisdiction of I. C. E. Boston District during the pendency of these proceedings and while the petitioner remains at said resident.

4).     **Grant the Petitioner relief under these Restrictions:**

       1).     Deliberate Indifference

       2).     Negligence

       3).     Mental Crulty in the highest Degree

       4).     Inproper Overcrowding

       5).     Staff is Ignorent of the petitioners needs

       6).     Injunctive Relief of the Amount of $45,000,000.00 Forty-Five Million

5).     **Grant** any other and further relief which this Court deems just and Proper.

       Continued from **4).**

       7)     Statutory Limitations

       8)     Substantive due process limitations

       9)     Procedural Due Process Limitations.

I affirm, Under penalty of Perjury, that the forgoing is
True and Correct. This Petitioner Respectfully Submits this
_____2_____ Day of the Month _Dicember_ in the Year _2004_.



Sincerely & Respectfully Submitted,

X _____

Antonio Mederos     Pro-Se Litigent,


Dated _2 - 12 - 2004_

## MASSACHUSETTS SIGNATURE WITNESSING

Gov. Exec. Ord. #455 (03-13), §5(f)

Commonwealth of Massachusetts

County of _Plymouth_ } ss.

On this the __1__ day of __DEC__ , __2004__ , before me,
            Day              Month        Year

__Manuel James Botelho__ , the undersigned Notary Public,
Name of Notary Public

Personally appeared _Antonio Mendes_ ,
                    Name(s) of Signer(s)

Proved to me through satisfactory evidence of identity, which was/were
_Immigr. I.D. # W82292_ ,
            Description of Evidence of Identity

To be the person(s) whose name(s)

Was/were signed on the preceding or

Attached document in my presence.

_____
Signature of Notary Public

_____
Printed Name of Notary

My Commission Expires _10 July 2010_

MANUEL JAMES BOTELHO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jul 10, 2010

Place Notary Seal and/or Any Stamp Above

--------------------------**OPTIONAL**--------------------------

*Although the information in this section is not required by law  it may prove valuable to
persons relying on the document and could prevent fraudulent removal
and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document:_____

Document Date:_____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

Right Thumbprint
Of Signer

Top of thumb here

**S.D.P. Clearance**
Needs
Processing ☐
Cleared ☐
N/A ☐

DATE  10·17·02

PREPARED BY Barb Lesperance – NCCI

"DEDUCTIONS FROM SENTENCE" SUMMARY SHEET  W 69026

Inmate: & No. MEDEROS, Antonio

## GOVERNING RELEASE DATE

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 3·17·03 | 3·17·03 | 3·18·03 | None |

Effective Date of Sentence:  3-18-00

Period Begining:  8·02
                              Dates

Ending:  12/02
                              Dates

Total Deductions Allowed in Computing
Adjusted Released Dates from Governing Release
Dates:

Good Conduct _____  Camp ____
129 D _____40_____  Blood ____
Total Good Conduct Forfeitures:
(Not to be included in computation)

Since Last Request-Dated
8·02

Camp: ____

Blood: ____

## ADJUSTED RELEASE DATES
### Includes Camp Time, Blood Time, 129 D Time

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 2-5-03 | 2-5-03 | 2-6-03 | None |

129 D (only)

| Program/Activity | Inst. of Participation | Dates of Participation | # Recommended Deductions |
|------------------|------------------------|------------------------|--------------------------|
| 1. WORK | NCCI | 10, 11, 12/02 | 7.5 |
| 2. Educ./ABE | NCCI | 10, 11, 12/02 | 7.5 |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | See Attached | 7.5 |

(Continued on Other Side)

## REVISED RELEASE DATES

| Parole | Minimum | Maximum | G.C.D. |
|--------|---------|---------|--------|
| 1-13-03 | 1-13-03 | ▮▮▮▮ | None |

Wrap-up
Date

Total Number of Days Recommended  22.5

Superintendent or Designee — Date

Total Number of Days Granted: _____

Commissioner — Date

IMMIGRATION COURT
JFK FEDERAL BLDG., ROOM 320
BOSTON, MA  02203-0002

In the Matter of

\*S-MEDEIROS-SUAREZ, ANTONIO
     Respondent

Case No.: A23-216-634

*(handwritten)* Mederos, Antoni
*(handwritten)* W69026
*(handwritten)* SECC

This is a summary of the oral decision entered on Jul 25, 2001.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

                                                    or in the alternative to
[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to
     alternative to
[ ]  Respondent's application for voluntary departure was granted until
          upon posting a bond in the amount of $ _____
     with an alternate order of removal to
[ ]  Respondent's application for asylum was ( )granted  ( )denied
     ( )withdrawn.
[✓]  Respondent's application for _____ of removal was ( )granted
     ( )withdrawn.
[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  ( )denied  ( )withdrawn.
[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn. If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.
[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other.
[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn. If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[ ]  Other: _____
     Date: Jul 25, 2001
     Appeal: ____ Reserved   Appeal Due By:

                                        LEONARD I. SHAPIRO
                                        Immigration Judge

KEK

ALIEN NUMBER: 23-216-636                    ALIEN NAME: *S-MEDEIROS-SUAREZ, ANTONIO

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)__ PERSONAL SERVICE (__         7-4  43
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] INS  7-25-01
DATE: __7-26-01__  BY: COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

---

Q6

Antonio Mederos
30 Administration Road
Bridgewater, MA 02324


Sally K. Vallely
Attorney at Law
One Main Street
Cambridge, MA 02142


May 22, 2003


Dear Sally:

I am writing this letter to ask that you consider
a few things which may be helpful to my defense.

1.    Motion for dismissal based on the failure of the
DA to abide by the time limits set out by the SJC in Kennedy.
(There is a requirement that commitment proceedings begin
at least 4 months prior to discharge.)

2.    Dismissal based on the violation of the plea agreement.
(While this is not another "punishment", M.R.Crim.P. 12(c)(3)B
requires notification of any additional proceedings under
the Sexually Dangerous Persons statute.)

3.    Exclusion of the reports of the qualified examiners.
The reports of Bard, Tomlich and Delisi were not based
on any interviews done. This was based on my difficulty
with the English language. The named QEs relied on the
report of Barnara Quinones who never conducted an interview.

4.    Motion to exclude my criminal records of any cases
which did not result in a guilty finding or which do not
demonstrate a propensity for violence.

Finally, I would ask that you send me copies of the
Kennedy, Bruno and Reese cases. We are not allowed to
copy cases here and I do not receive enough time in the
library to be able to read and understand the cases.

Thank you in advance for your time and for your hoped
for response.

Sincerely,

Antonio Mederos


cc. file
Edward Howard.
Gregory Gonzalez

Antonio Mederos
30 Administration Road
Bridgewater, Ma. 02324


August 18, 2003


Justice Leonard Shapiro
Immigration Court
JFK Federal Building Rm. 320
Boston, Ma. 02203-0002


RE: CA. # A23-216-636


Dear Honorable Justice Shapiro,

      You made an order for my deportation back to Cuba on July 25th, 2001.
As of this date, I have not been deported as you ordered. Since your order
was made, the Suffolk County District Attorney filed a MGL 123A Civil Com-
mitment Petition against me to override your deportation order.

      Is this legal? What must be done to correct this problem? Can State
Courts override Federal Imigration Court orders when no criminal proceed-
ings are involved?

      Would you please respond telling me how to proceed to enforce your
order.


      Also I ended my sentence on January 14, 2003 and I've been incar-
ated against my will.



XC: Selly K. Vallely Esq.                     Respectfully,
    Federal Procedurer
    District Attorney Suffolk County.
                                              Antonio Mederos
    cc: file                                  M- 82272

U.S. DEPARTMENT OF JUSTICE
IMMIGRATION COURT
BOSTON, MASSACHUSETTS 02203


ANTONIO MEDEIROS
30 ADMINISTRATION RD.
BRIDGEWATER, MA   02324


Date: September 04, 2003

File: A# 23-216-636


In the Matter of: ANTONIO MEDEIROS


\_\_\_\_\_ Attached is a copy of the written decision of the Immigration Judge.
This decision is final unless an appeal is taken to the board of Immigration Appeals.
The enclosed copies of FORM EOIR 26, Notice of Appeal, and FORM EOIR 27, Notice of
Entry as Attorney or Representative, properly executed, must be filed with the Board of
Immigration Appeals on or before _____.  The appeal must be
accompanied by proof of paid fee ($110.00).

\_\_✓\_\_ Enclosed is a copy of the DECISION/RULING/ORDER by of the Immigration Judge.
COV to:    TERMINATION ORDER.

\_\_\_\_\_ Enclosed are Notices of hearing for above Respondents.

All papers filed with the Court shall be accompanied by proof of service upon opposing counsel.


Sincerely,


Court Clerk


cc: INS/TAU / MOORE, HELEN
JFK FED. BLDG.
BOSTON, MA 02203

Antonio Mederos
30 Administration Road
Bridgewater, MA 02324


Law Office of Sally K. Vallely
One Main Street, 8th Floor
Cambridge, MA 02142


September 9, 2003


Re: Enclosed Document


Dear Ms. Vallely:

I am writing this letter to bring to your attention
the enclosed letter which I received from the Immigration
Court.

As you can see, Judge Leonard Shapiro states that
the Commonwealth of Massachusetts cannot override his order
of deportation. As such, I should be in the custody of
the INS and not here at the Treatment Center.

I am asking that you contact the INS and make whatever
arrangements are necessary for the INS to come pick me
up for detention at their facility. This will clearly end
the morass which I am now involved in with the Commonwealth.

Please let me know what happens and what is said so
that I may again contact Judge Shapiro if it becomes necessary.

Thank you in advance for your time and hoped for
timely action on this matter.

Sincerely,

Antonio Mederos

Antonio Mederos
30 Administration Rd.
BridgeWater, MASS 02324
        August, 18-03

U[S]

NC

'03 AUG 22  PM 12: 27
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
IMMIGRATION COURT
BOSTON, M
RECEIVED OF JUSTICE

To: Justice Leonard Shapiro
    Immigration Court.
    JFK Federal Building Rm. 320
    Boston, MASS 02203-0002


    Enclosed please Find a copy of The Following documents
    which I wish To bring To you Immediate Attention in
    Regards To my Case.


                    Thank you For your Attention to this Matter.


On File:                            Sincerely
                                    [signature]


C.C  Law Office of                  9.3.03. The state court
     Sally K. Vallely               cannot override my
                                    deportation order. & he
     ONE MAIN ST     8th Flr.       Immigration Bureau
                                    cannot deport you. You
     Cambridge, MASS 02142          should request a
                                    hearing to determine
Look this URGENT!                   whether or not you
Stop that civil cases on me         should be released
                                    from custody.
                                         Judge Shyer

ANTONIO MEDEROS
30 Administration rd
Bridgewater, MASS 02324

JUSTICE: Leonard I. Shapiro
immigration court
J.F.K. Federal Building Room;320
BOSTON, MASS 02203

SEPT. 23-2003

RE. CA. A#23-216-636

Justice;Leonad I. Shapiro

        I am writing this to bring to you attention a series problems
that I am having in getting you order of deportation enforced
I wrote to you on Agust.18 -03 advising you of this matter ,
Andyou responded on Sept.3-2003 stating that (T)he State Court
cannot override (YOUR) Deportation ORDER..
I have brought this matter to my state Atterney and have been
reapeatedly told that the immigration court order has not effect
and, in any event , the I.N.S. will not come to this instution
to pick me up . there appears to be a power stuggle here?.
        I am asking that an order issue to I.N.S. Officers responsible
instruting them to take costudy presuant to you order of deporta-
tion, and futher that said order be enforced forthwith.
        Thank you in advance for you time and consideration in this
very importat matter.

                              sinserely

C/c file
conclosure.

            certificate of service

I _____ Certify i haved a true copy of the
within to the;

        OFFICE OF DISTRICT COUNSEL
        DEPARTMENT OF HOMELAND SECURITY
        J.F.K. FEDERAL BUILDING ROOM: 425
          15 NEW SUDBURY STREET
          BOSTON, MASS 02203
    postage prepaid/ in hand/service, on 11 day of 18  2003

          signature

THIS IS A RULING OF THA JUDGER : SHAPIRO
        I have a misunderstanding,but if you do fedral or state
  time the Dept of I.N.S. DON't came to pick you up  after,
  you complete you centence.
        As soon as you complete you centence federal or state time
I.N.S. is came and pick you up and my deportation order to

30 Administration rd
BridgeWater, Mass 02324

11-13-2003

Justice:Leonard I Shapiro
IMMIGRATION COURT
J.F.K.FEDERAL BUILDING ROOM: 320
BOSTON, MASS 02203

CASE:A#23-216-636

Dear Judger Leonard I Shapiro

   I am sorry to be pestering you I believe there has been a misun-
derstinding in my communication  with you, If you please,
1-) I have complited my state prison term and not serving a
FEDERAL SENTENCE.
2-)The Commonwealth has petitione for me to be civily commited
under ( MGL. CH . 123-A wich is a hostile civil law tsrgeting sex
Offenders who have complited their sentences, and discriminitive
use.
   3-) I wish to go back to my country as soon as possible as you
have ordered.
   4-) The district attorney here will apparently stop at nating
to over ride you deportation order in order to imprison me for
life to a prison that pretends to be a treatment facility on
paper.
   5-) At this time the state Court has **OVER RULED** you FEDERAL
ORDER to deport me back to CUBA(INS) ( How Justice"CONNOLLY J.,
Suffolk CTY).

   6-) If needed you may contact my attorney ;
      SALLIE K. VALLELY
      One Maim st.
      8Th floor
      Cambridge, MASS 02142
      (617-577-7224)
   7-) Would you please issue an **"OFFICIAL COURT ORDER"** that I be
over to the **INS"** Fromwith without obstruction.

       I thank you for you attention in this matter and PRAY that
this matter can be resolver soon so that I may return back to my
country and my family.

    C/c file
Office of Dist Counsel
Dept. of Homeland Security.

                              SICERELY,.

ANTONIO MEDEROS
30 Administration rd
Bridgewater, mass 02324

PAGE#(1)

Chief Justice/Administrative Judge
Chief Justice;SUZANNE V. DELVECCIO
J.W.McCormack post office Courthouse
15Th floor
90 Devonchare st
Boston mass 02109

RE: Commonwealth v.ANTONIO MDEROS
CIV. NO# SUCV 2002-05688

DEAR,CHIEF Justice ;SUZANNE V. DELVECCIO

   I wold like to bring to you attention and respectfully request
that a complaint be against the Honorable, JUSTICE;PAULA CONNLLY
JUDGE for the violation of my constutional right for the violate
of my due process at trial and for failure to comply with a
federal court order of deportation .
    Below is a brief summary of events at trail that are of impor
tant facts of said violation?
   The judge (CONNOLLY J.) Refuced to dismiss the petition to
civilly commit me under M.G.L. 123A and to obey the federal judge
order of deportation ruled,(JULY 25 2001)(by judge Leonard I.
Shapiro) and to release me to  the costudy of the I.N.S....
    2-) Ihad no knowledge of or was i allwed to be part of the
jury selection.
    3-) I did not sign a jury trail agreement.
    4-) The state police fron a 1992 case gave testimony .
this is a violation of due process.
    5-) The D.A. fron a 1997 case gave testimony which is also a
violation of my due process,.
    6-) A vidiotape fron a victm in a 1997 case was use at trail
which is in violation of my due process,
    7-) Dismissed and mistermine/misdamenor charge were used as
testimony ( STATE, law state that these charge are inadmissible
in court.
    8-) My plea agreement contract was violated because the
petition under G.L, 123A WASN't part of that contract agreement
(And I'am have 10 year probation supervised.
    9-) The D.A. showed (#2 Board signs relate to crime of convic-
tion to the jury .this is a violation becauce this is civil
proceeding. not criminal, My const. right were violated. Under
M.G.L.123A only Q.E. reports and state of mind are admissable in
court as evidence.(Only the corrent state of mid is determined,
not past history.)
    10-) Durring the trial(**jury nomber #7**) was seen by myself and
my interpitor, giving, me the finger atotal of (**5 times,**)
I'am informed this incident to my attorney and she giving the
informed to the judge was informed of this incident but nathing
was dane both jury members were allowerd to remain throughout
the trial.
    11-) At the end of trial jurror #7 and #2 were taken lake
nathing Happened??



PLEASE SEE THIS CASES....


A-)Defendent is entitled to new sentencing(Commentment) as hight
to impartial adjudication is so bacic to fair that its infraction
can't never be tracted is harnless error,
**fuller v. johnson; 114-f3d. 491 c5thc.v.1997...**
----------------------------------------------
B-) The presence of a biaseb juror cannot be harmless!
THE error requiere a new trial withat a showing of actual prejudi
ce because it introduces a structural defect not subject.to
harmless error analysis.
**Dyer v. Calderon 151 F3d. 970 C9th cin 1998**

C-)Defendants Sixth Amendment Rights Are Violated even if only
   one Juror was unduly biased on improperly influenced
   **U.S. v. Sarkisian 197-F3d. 966. 19th cin 1999**

   It is very clear that my constitutional right, due process
right have been vilatted ,.
    Also it a fact that the state court has taken upon Itself
to disreguard and ignore a federal judges ordre to deport me and
furthemore to turn me over to the costudy of the I.N.S...

    By right of law, I request that I be turned over to the I.N
S.and the federal order to deport me be Honored.and the civil
order to commit under  ( MGL 123A be dismissed forthwith.

     Iprond of you for what you said in the Boston Herald paper
on 11-17 2003. No one has the right to past judgement or predict
the future only GOD" and peaply like yourself.
I think tha it is illegal to punish people for the same crim
twice and thy have already pay for crim,
    I feel that this is dubble jeperdy and is inconstitutiona of
are right as humenbeing and to pervent the freedon of these
peoples constitutional right to thire freedom afte they have
served thire sentences.
    I THINK THAT IF THEY MANDATE THAT THESE PEOPLE BE PLACED
ON PROBATION OR SOME TYPE OF MONITORING PROGRAM AFTER FINISH
IS CENTENCES...

    JUSTICE: SUZANNE DELVECCIO ,. HEAD OF THE STATE SUPERIOR
COURT,. Said Judge's ruly on doctor's expertice in deciding
predator.fate's
    Its not easy and It's probably some of the most dificult
decision making a Judge 's we make because no one has,
    **A CRISTOL BALL"... DELVECCIO SAID ???.**


                              **RESPECTFULLY AND SINCERLY**

                         _____

    I state under the pains and penalty of perjury,tha the
above statement is true and just...

COMMONWEALTH OF MASSACHUSETTS
THE SUPERIOR COURT
90 DEVONSHIRE STREET
BOSTON, MA 02109

December 8, 2003

To:    Antonio Mederos
       30 Administration
       Bridgewater, MA 02324

       Re: Correspondence
           No. SUCV 2002-05688

       The correspondence you sent to one of the Justices is being returned to you because the Justices may not review or consider *ex parte* communication from any parties in a civil or criminal case.
       If you have  matters which you want the Court to act upon you, or your attorney, must file a Motion with the Clerk's office in the county where the case was originally decided. The Clerks office will then forward the Motion to the proper Judge for review.
       If your appellate attorney is Nancy O'Leary, the office is located at 875 Massachusetts Avenue, Suite 32, W. Cambridge, MA 02139 (phone #617- 864- 8055.

                                        Administrative Office

*Handwritten margin notes (top): Page 6 ... #1 1/2 Antonio Mellon and Jose Antonio ... Probably had Dubinin and the School New for this notice key children went out ... by their children And the School!*

# Doc specializes in freeing offenders

■ *Last of three parts.*

**By MAGGIE MULVIHILL and JONATHAN WELLS**

The state paid a Whitinsville psychologist $416,000 over the last three years to argue for the release of more than 100 sex offenders who prosecutors claim are too dangerous to be on the street.

> ■ **MOLESTERS TO STAY LOCKED UP AFTER SJC MOVE. PAGE 25**

Records obtained by the Herald and Fox 25 reveal Dr. Joseph J. Plaud has made a handsome living off of the state's public defender system, which has hired him again and again to provide the same testimony — that sex offenders are not sexually dangerous and should not be re-committed to prison.

In an interview yesterday, Plaud said he has testified in favor of sexually dangerous criminals in more than 100 cases.

"I have never testified that someone is sexually dangerous," Plaud said. "The best statistics show that most sex offenders don't reoffend."

State law directs prosecutors to seek to re-commit sex offenders to prison if evidence shows they are still sexually dangerous at the end of their sentences.

Several prosecutors told the Herald privately that Plaud, who is paid through the Committee for Public Counsel Services, is a "hired gun" who invariably finds that sex offenders pose no threat to the community. One accused him of providing "cookie cutter" testimony.

Plaud objected. "I'm a good witness. I (anger) these district attorneys," he said. "Money doesn't influence me."

Plaud claimed prosecutors are overzealous when it comes to sex offenders. "There are prosecutors who will say at the drop of a dime someone is sexually dangerous," he said. "I'm probably sexually dangerous according

4000

to them."

Plaud said in about 25 cases he determined the offender was still sexually dangerous, but the public defenders did not put him on the stand.

In one case, Superior Court Judge John C. Cratsley challenged Plaud's assessment last year of Michael Lehman, who had served 15-20 years for forcible rape. The judge found Plaud's testimony about Lehman — who had masturbated in front of a female prison guard — unpersuasive.

One of the offenders Plaud successfully recommended



## Perverting public funds

Taxpayers paid psychologist Joseph J. Plaud nearly a half-million dollars for court testimony in defense of sex offenders who prosecutors said were too dangerous to release from prison. Here's the breakdown:

| FISCAL YEAR | AMOUNT |
|---|---|
| 2001 | $25,850 |
| 2002 | $153,300 |
| 2003 | $144,592 |
| 2004 | $92,305 |
| **Total** | **$416,047** |

Source: State Comptroller — STAFF GRAPHIC



**MISTAKE: Dr. Joseph J. Plaud said David Partridge, above, was fine, but he reoffended.**

### HERALD EXCLUSIVE

for release in 2002, David Partridge, 45, went on to sexually assault and threaten to kill an 18-year-old Fitchburg woman.

Partridge had a violent criminal history, including two rapes in 1980 and 1983, one of a 13-year-old girl.

Plaud admitted yesterday he erred in the Partridge case ~~[redacted]~~ the sex offender back ~~[redacted]~~

Mederos had raped a 14-year-old Barnstable girl in 1989, and while on [redacted] for that crime indecently assaulted three young sisters from Dorchester, lawyers said.

While on probation for the Dorchester assaults, Mederos was charged with raping his 14-year-old son and sexually attacking his adult girlfriend, [redacted]

William Leahy, general counsel for CPCS, defended Plaud's payments yesterday, saying experts for indigent defendants must be paid if the civil commitment law is to work properly.

"You cannot do this cheaply and have it be constitutional," Leahy said. "Every dollar he has been paid has been approved by a judge. There is nothing underhanded about it."