UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO MEDEROS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRUCE CHADBOURNE, *et al.*,<br><br>　　　　Respondents. | Civil Action No. 04-12598 GAO |

**FEDERAL RESPONDENTS' MOTION FOR EXTENSION OF TIME
IN WHICH TO FILE ANSWER OR OTHER RESPONSIVE PLEADING**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts[1] and Rule 6(b) of the Federal Rules of Civil Procedure, respondents Bruce Chadbourne, Interim Field Director for Detention and Removal, Boston Field Office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security; Alberto Gonzales, Attorney General of the United States; and the Department of Homeland Security (hereafter "Federal Respondents"), hereby move for an extension of time, up to and including February 25, 2005, in which to file an answer or otherwise plead to the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In support of the foregoing motion, the Federal Respondents say as follows:

　　1. On December 9, 2004, the petitioner, Antonio Mederos ("Mederos"), who is presently committed by the Commonwealth of Massachusetts to the Massachusetts Treatment Center as a sexually dangerous person, filed what a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

---

[1] Although the Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. See Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270 & n.1, (9th Cir. 1989).

2241, in which he seeks to remedy and enjoin what he asserts to be his "[u]nlawful detention by the Respondents." Petition at 1. Specifically, Mederos appears to complain that, although he was ordered removed from the United States by an Immigration Judge on July 25, 2001, he has not been taken into federal custody for purposes of removal, but rather remains in the custody of the Commonwealth of Massachusetts while being committed to the Massachusetts Treatment Center.

    2. On December 17, 2004, this Court entered an Order ordering that the Federal Respondents file an answer or other responsive pleading within 60 days of receipt of the Order.

    3. The Federal Respondents require an extension of time up to and including February 25, 2005, in which to file their anticipated motion to dismiss, in order to obtain materials from the Office of the Suffolk County District Attorney's Office, regarding Mederos' civil commitment. These materials will be important in the Court's consideration of this matter, and may be properly considered by the Court insofar as they are referred to in Mederos' Petition, but not annexed to it. See Rodi v. Southern New England School of Law, 389 F.3d 5, 12 (1st Cir. 2004) ("In ruling on whether a plaintiff has stated an actionable claim, an inquiring court, be it a trial or appellate court, must consider the complaint, documents annexed to it, and other materials fairly incorporated within it. * * * This sometimes includes documents referred to in the complaint but not annexed to it.") (internal citations omitted).

    Wherefore, with good cause having been shown, the Federal Respondents respectfully request that they be granted an extension of time, up to and including February 25, 2005, in which to file an answer or other responsive pleading.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: February 15, 2005

### CERTIFICATE UNDER L.R. 7.1

The defendant takes the position that L.R. 7.1 requires "counsel" to confer and is not applicable where, as here, the opposing party is incarcerated and is appearing *pro se*. Alternatively, because plaintiff is a prisoner currently incarcerated in a federal correctional facility, counsel for the defendant respectfully requests leave to file this Motion without a 7.1 conference.

 /s/ Mark T. Quinlivan
Mark T. Quinlivan
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing was served by mail, on February 15, 2005, upon Antonio Mederos, Massachusetts Treatment Center, Administration Road, Bridgewater, MA 02324,.

  /s/ Mark T. Quinlivan
Mark T. Quinlivan
Assistant U.S. Attorney