COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUPERIOR COURT -- CIVIL
                                               No.
                                                    02-5689 A

COMMONWEALTH

v.

ANTONIO MEDEROS

## PETITION FOR COMMITMENT OF SEXUALLY DANGEROUS PERSON

### PARTIES

The Plaintiff is the Commonwealth of Massachusetts, by and through the District Attorney for the Suffolk District.

The respondent is Antonio Mederos, DOB redacted a prisoner in the custody of the Department of Corrections pursuant to his March 27, 2000, guilty plea to indecent assault and battery, for which he was sentenced to a term of three years to three years and a day to be served as the Massachusetts Correctional Institution at Cedar Junction for the indecent assault and battery (Exh. 1). On the same day, the respondent also pled guilty to rape and abuse of a child under 16, and was sentenced to ten years probation to be served on and after his term of imprisonment (Exh. 1).

### JURISDICTION

This petition is brought under the provisions of G.L. c. 123A, §§ 1, 12-16 and amendments which were signed into law with an emergency preamble by Governor Cellucci on September 10, 1999.

## ALLEGATIONS

By this petition the Commonwealth alleges that respondent Antonio Mederos is sexually dangerous person as the term is defined in G.L. c. 23A, and is likely to engage in offenses if not fined to secure facility The evidence of the respondent sexual dangerousness includes but is not limited to the following:

**Facts Of The Conviction For Which The Respondent Is Currently Incarcerated:** Around April 1997, the respondent's 4-year-old son redacted came to Massachusetts from Georgia with his mother (Exh. 2-3). He had not seen the respondent since he was three years old, except briefly when redacted was 1 (Exh 3). redacted stayed with the respondent for the weekend (Exh. 2). went to the respondent's bedroom the evening of April and lay his father' bed (Exh. 2). The respondent came into the room, turned off the light, lay down on the bed and asked redacted **if he liked boys** (Exh. 2). redacted said that he did not, but the **respondent repeatedly** asked him the same question, and eventually redacted said yes (Exh. 2). The respondent then asked redacted if he had ever been kissed by man and redacted said (Exh. 2). The respondent began kissing him on the face and touching his body under his clothes, including his penis (Exh. 2). The respondent then removed his and redacted clothes, rolled redacted onto his stomach, and raped redacted anally with his penis (Exh. 2). When he had finished, the respondent told redacted not to tell his mother (Exh. 2).

2. **Respondent's Previous Criminal And Delinquency Record:** On February 29 2000, the respondent admitted to sufficient facts of two acts of indecent assault and **battery against** the woman with whom he was **living and who** the mother of his infant child (Exh. 4-5). When the **police** arrived at her home on April 27 1999, they found the

victim unconscious, lying face down and bleeding from her foot and hand, and clothed only in a robe (Exh. 5). She later told the police that the respondent had wanted to have sex with her, that she had said no, and that he had smashed her head against the bedroom wall, tore her bra and underpants off of her (Exh. 5). After she hit him with a vase in self-defense, he knocked her to the floor and left the apartment (Exh. 5). Police officers observed a bra on the floor that had been ripped into two pieces (Exh. 5). The respondent was sentenced to concurrent sentences of one year each in the house of correction for these offenses (Exh. 4).

On October 29, 1992, the respondent was sentenced to two, two and a half year sentences of two counts of indecent assault and battery on children under 14, and a two and a half year term suspended for five years for a third count (Exh. 6). On August 29 of that year, the respondent took three neighborhood girls, aged eight, ten and twelve, from Dorchester to the Breakheart Reservation in Saugus for a "swimming outing" (Exh. 7). He instructed them to go with him into the woods and run around so they could get sweaty before they went swimming (Exh. 7). While in the woods, the 12 year old said that the respondent put her against a tree and started touching her breast and her "private area" (Exh. 7). He also threw his leg around her body and "slapped her on the but[t]" (Exh. 7). The respondent then asked the girls to go into the van and take off their clothes, but they refused (Exh. 7). As the ten-year-old walked toward the water, the respondent picked her up by placing one hand under her crouch and touching her "private area" (Exh. 7). She told him to put her down and he did, and then picked her up again touching her breast area and putting his finger "up her buttock" (Exh. 7). He put the eight year old on his back, until she "ordered" him to put her down (Exh. 7). He then pointed to his

tattoo of a tongue with a knife sticking through it and said that if she said anything he would do that to her (Exh. 7). The twelve-year-old reported that the respondent asked her to be his girlfriend and said he would give her money and buy her clothes (Exh. 7). He kissed her on the mouth, touched her breast area, and put his hand inside her bathing suit and touched her "private" (Exh. 7). On the drive home, the respondent made each of the girls "drive" the van, placing them between his legs (Exh. 7). The ten year old felt him push her against his "private" when he put her between his legs (Exh 7).

On September 18, 1989, the respondent admitted to sufficient facts of a charge of indecent assault and battery in the Barnstable District Court (Exh. 8). The victim, who was apparently between 14 and 16 years of age,[1] told police that the respondent offered to teach her to drive (Exh. 8). She said yes, and went with him in his automobile (Exh. 8). The respondent asked her if she was a virgin and if she had a boyfriend (Exh. 8). He let her drive the automobile and told her to pull over by some woods (Exh. 8). They got out and walked into the woods, where the respondent pushed the victim down and told her to take her clothes off (Exh. 8) She said no (Exh. 8). The respondent got on top of the victim and took off her clothing, and told her that if she ran, she would be walking home (Exh. 8). He took his own clothing off, held her down by her shoulders, and penetrated her with his penis (Exh. 8). The respondent told a police officer the following about the incident:

> That girl, she kept bugging me. She wanted to learn how to drive my car, so I take her over to the Stop and Shop to show her. I tell her to go slow, then she tell me that she not a virgin. I say what do you want from me. Then I take the blanket from the car and we go over by the pipes and she tells me that she's having her period. Then she sucks my dick, but I don't

---

[1] The respondent was arrested on a warrant for rape of a child under 16, but charged with and convicted of assault and battery on a person 14 years or older (Exh. 8).

> fuck her. My friend tell me that she sucks dick for twenty dollars and she lost her virginity at twelve years old. I know she had a lot a men (Exh. 8).

The respondent was sentenced to a two-year term at the house of correction, nine months to serve and the balance suspended for three years (Exh. 8).

The respondent has been arraigned a total of 59 times and has 27 convictions as an adult (Exh. 9).

6. **Respondent's Institutional History:** The respondent has refused to participate in the Department of Correction's Sex Offender Treatment Program (Exh 9).

7. **Respondent's Mental Health Status:** The respondent attempted suicide twice at the Barnstable House of Correction in 1989, once by hanging and once by slicing his wrists (Exh. 9, 10). Clinical and forensic psychologist Barbara Quinones has reviewed the respondent's records and finds that they support diagnoses of Personality Disorder Not Otherwise Specified and Pedophilia, Sexually Attracted to Both, Nonexclusive (Exh. 10). Dr. Quinones opines that because of the respondent's personality disorder and mental abnormality, he is likely to commit sexual offenses if not confined to a secure facility (Exh. 10). Her opinion is explained in her report, attached as exhibit 10 and incorporated by reference.

## SUMMARY

The respondent's history of committing sexual offenses, even after having been incarcerated several times for doing so, his personality disorder, not otherwise specified and pedophilia indicate that the respondent does not have the ability to control his sexual impulses. Based on the foregoing, the respondent is a sexually dangerous person as that term is defined by G.L. c. 123A § 1, which renders him a menace to the health and safety of the citizens of this Commonwealth.

6

## **RELIEF SOUGHT**

Plaintiff requests that the court enter a short order of notice for the following:

(a)     Hold a hearing to determine whether there is probable cause to believe the respondent is a sexually dangerous person, pursuant to c. 123A, § 12(e), and enter a finding that such probable cause exists.

(b)     Order an evaluation of respondent by two qualified examiners pursuant to c. 123A, § 13(a).

(c)     Hold a trial by jury on the merits.

(d)     Enter a finding that respondent is a sexually dangerous person as defined by c. 123A, § 1, and order the respondent committed to the Treatment Center for an indeterminate period with a minimum of one day and a maximum of his natural life.

(e)     Order that all pleadings and exhibits that contain the name or other identifying information of any of the victims be withheld from public inspection, pursuant to G.L. c. 265, § 24C.

                                    Respectfully submitted
                                    for the Commonwealth,
                                    DANIEL F. CONLEY
                                    DISTRICT ATTORNEY
                                    FOR THE SUFFOLK DISTRICT

By: _____
                                    Amanda Lovell
                                    Assistant District Attorney
                                    BBO #637631
                                    One Bulfinch Place
                                    Boston, MA  02114
December 19, 2002                    (617) 619-4167

## CERTIFICATE OF SERVICE

I hereby certify under pains and penalties of perjury that a copy of the within petition has been delivered by hand to CPCS for assignment of counsel, to

Lisa Ferrari
Committee for Public Counsel Service
44 Bromfield Street
Boston, MA 02108

_____
AMANDA LOVELL
Assistant District Attorney

December 19, 2002