UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12598-GAO

ANTONIO MEDEROS,
Petitioner

v.

BRUCE CHADBOURNE, et al.
Respondents

ORDER
December 21, 2005

O'TOOLE, D.J.

The petitioner's motion to extend the time for filing his opposition to the respondents' motion to dismiss (dkt. no. 16) is GRANTED. After consideration of the motion to dismiss and the petitioner's opposition, I conclude that the petition ought to be dismissed.

The petitioner is a Cuban national who was ordered deported on July 25, 2001. Thereafter, he was committed by the Massachusetts Superior Court to the Massachusetts Treatment Center as a "sexually dangerous person," as defined under Massachusetts law, for an indeterminate period with a minimum of one day and maximum of his natural life.

Mederos filed this petition pursuant to 28 U.S.C. § 2241 claiming that he is unlawfully detained because the state commitment order unlawfully "overrode" the immigration deportation order. As relief, he asks that this Court to order the respondents to take him from state custody into federal custody so that the deportation order may be executed. The petitioner argues that his continued detention by the Massachusetts authorities together with the federal authorities' failure to remove him from Massachusetts' custody violates his rights to substantive and procedural due

process and violates the immigration removal statute, 8 U.S.C. 1231(a)(6), as that statute was interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

The petitioner requests, in essence, that I order the respondent federal officials to take him into custody for the purposes of deporting him per the order of the immigration court. The discretion to execute removal orders rests exclusively with the executive branch of the federal government. See 8 U.S.C. § 1252(g). This Court lacks jurisdiction to review the government's decisions to "commence proceedings, adjudicate cases, or execute removal orders," decisions left to the executive branch's discretion as part of its prosecution of the immigration deportation process. See Reno v. American-Arab Anti-Discrimination Comm'n, 525 U.S. 471, 482-85 (1999); Saint Fort v. Ashcroft, 329 F.3d 191, 198 (1st Cir. 2003). Therefore, this court cannot command the federal immigration authorities to execute the order of removal while the petitioner is committed to the Massachusetts Treatment Center.

The petitioner's reference to the Supreme Court's interpretation of 8 U.S.C. § 1231(a)(6) in Zadvydas does not help him. That decision deals with the reasonableness of the length of detention by federal authorities prior to the execution of a removal order; it has no bearing in the petitioner's circumstances, where he is not in federal custody.

As the respondents point out, even if the petition were liberally construed as one seeking mandamus relief under 28 U.S.C. § 1361 – which is not pled – it would still lack merit. Mandamus will only be granted to compel a federal government agency or employee to perform a "clear nondiscretionary duty." See Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988). As previously discussed, the decision to take an alien into custody to execute a removal order–which is

what Mederos requests here–is within the discretion of the executive branch.  See Reno v. American-Arab Anti-Discrimination Comm'n, 525 U.S. at 482-85.[1]

For these reasons, the petition shall be DISMISSED.

It is SO ORDERED.

December 21, 2005                           \s\ George A. O'Toole, Jr.
DATE                                        DISTRICT JUDGE

---

[1] Mederos also purports to make a damages claim in his petition asking for "Injunctive relief in the amount of $45,000,000.00." Such a claim is not within this court's jurisdiction as part of a habeas corpus petition.  See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy").