UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL DOCKET #04-12598-GAO

ANTONIO MEDEROS,
    Petitioner,

vs

BRUCE CHADBOURNE,
    Respondent.

**PETITIONER'S MOTION IN OPPOSITION TO RESPONDENTS' MOTION TO DISMISS**

## INTRODUCTION

NOW COMES the above petitioner, Antonio Mederos, and hereby files his self-perpared motion to oppose the respondents' motion to dismiss.

The petitioner, Antonio Mederos is ("NOT") a United States Citizen, he is a Cuban National whos is considered to be a ("illegal alien") and was deported by the United States District Court, however to date, such order of deportation has not been executed as so ordered by the Court. The United States District Court allowed the motion to dismiss filed by the respondent. Subsequently, [t]he petitioner, filed a motion requesting leave to move for reconsideration, and on September 27,2005, (O'Toole,DJ) ordered that petitioner be allowed until October 21,2005 to file his opposition to respondents' motion to dismiss which set aside the earlier order of judgment.

**FIRST ARGUMENT**

That, petitioner being considered by international law to be an "illegal alien" cannot possibly defend his action where justice can be administered, instead, his action would end up being justice denied for the plain and simple fact, that he is not from this Country, and the court, forcing him to defend his action without proper expert legal counsel would most likely end up denying petitioner his day in court to include a denial of due process which is protected under the Fourteenth Amendment to the United States Constitution. It is clear, that (Mederos) is an "illegal alien" however, once he got caught up within the legal system of the United States the court's are obligated to see, to the best of their ability, that the defendant, and or petitioner as in this case is protected to the fullest of the Constitution in order that justice not end up being blind, especially if petitioner can establish a denial of a constitutional right. In any event, the petitioner should be appointed counsel, to protect his constitutional rights to due process and to save any and all appeals. The court in good consicence should appoint counsel to guide (Mederos) and whats even more important for the court in deciding this issue is to see that (Mederos) is protected from any and all unjust arbitrary denial's of justice, therefore, counsel should be appointed. It is also well

-2-

settled, that the Federal Court's have made clear that individuals considered to be "illegal aliens" be appointed counsel to represent them with their pending legal actions in order that justice be best served. As previously cited, once (Mederos) and others like him, even though they put themselves in the hands of the United States Court systems were, or are not considered to be citizens of this Country, they, once in the U.S. legal system are protected as any ordinary citizen of the United States by the Constitution of this Country, one cannot disapply Constituion to a citizen whom is caught within the legal system, and the same applies to an illegal alien, once caugfht within the American justice system, the Constitution must be applied equally and fairly. No Judge or Court has the power to deny constitution just because the defendant or plaintiff is not a citizen of the United States, "clearly it must be applied to ("ALL") criminal defendants. Therefore, (Mederos) should be appointed counsel in order that justice not end up being blind.

**SECOND ARGUMENT**

The petitioner will concede to most all of the arguments contained within the United States Attorney's motion to dismiss, with the exception of one, and thats that the original order of deportation was not honored at the end of petitioner's criminal sentence. By the United States District Judge's own hand he clearly writes, the State Court cannot override the order of deportation.

-3-

Moreover, the Supreme Court almost 100 years ago held that excludable aliens like ("Medreos") have some due process rights. In Wong Wing v. United States, 163 U.S. 228, 238, 41 L.Ed. 140, 16 S.Ct. 977 (1896) the Court held that excludable aliens may not be imprisoned at hard labor without due process of law. More recently, in Addington v. Texas, 441 U.S. 418, 425, 60 L.Ed.2d 323, 99 S.Ct. 1804 (1979) the Court clearly stated that "civil commitment for any purpose constitutes a significant deprivation of liberty that requires....due process.... protection." In United States v. Salerno, 481 U.S. 739, 747, 95 L.Ed.2d 697, 107 S.Ct. 2095 (1987), the Supreme Court held that detention constitutes punishment if the detention appears "excessive" in relation to any alternative purpose. See also, Foucha v. Louisiana, 504 U.S. 71, 118 L.Ed.2d 437, 112 S.Ct. 1780, 1784 (1992), ("even if the initial commitment was permissible, it cannot constitutionally continue after that basis no longer exists"). Petitioner ("Mederos") has remained in custody since the completion of his underlying criminal sentence was imposed, therefore, the duration of his imprisonment is clearly excessive especially [w]here the order of deportation was already given, and the U.S. District Court Judge clearly stated that the State could not override his order of deportation, surely ("Mederos") should have his day in court, and the petition on these grounds shoul not be dismissed. (SEE EXHIBIT A)

Mederos, the petitioner in the above instant action instituted the present habeas corpus action, arguing that the Attorney General lacks statutory and constitutional authority to [detain] him indifinitely when it is clear that his deportation cannot be effected within....the.... foreseable future, and that his continued detention violates rules of international law which have binding domestic force. Mederos has never once requested asylum within the United States, the order of deportation is perfectly clear that the State cannot override the order of deportation se, exhibit "A".

**THIRD ARGUMENT**

Even if, the Government's argument was correct, there is another compelling issue which petitioner ("Mederos") relies, and that is, if, the United States District Judge found his action to be difficient, the petitioner should have ben allowed a chance to correct any and all difficientcies before the court made a ruling to dismiss. The Court had somewhat of an obligation---to-- allow the petitioner to amend his action at least once. The complaint should not have been dismissed because his complaint failed to state a claim upon which relief could have been granted, if anything, before dismissing upon a motion, the Court should have allowed him to amend to correct any and all difficientcies, this did not happen in this action, therefore, ("Mederos") should have his day in court, or in the very alternative, the chance

to amend his complaint to correct the difficientcies, and where this did not happen for whatever reason, in the very interests of justice, ("Mederos") should have his right to his day in court, and such order of dismissal be set aside in order that justice be best served.

## CONCLUSION

For the reasons stated herein, petitioner's action should move forward, and his day in court be allowed in order that justice best served, afterall, the more precious the right the greater the protection.

Respectfully submitted,

Antonio Mederos
Mass Treatment Center
30 Administration Rd.
Bridgewater, MA 02324-3230
PETITIONER, PRO SE

Dated: 10-21- ,2005

### CERTIFICATE OF SERVICE

I hereby certify and declare under the pains and penalties of perjury, that I have this below date served true and accurate photo copy of the within upon the Assistant U.S. Attorney, Mr. Mark T. Quinlivan for respondent via first class mail to his address.

Dated: 10-21- ,2005

Antonio Mederos

Antonio Mederos
30 Administration Rd.
Bridgewater, Mass 02324

August, 18-03

To: Justice Leonard Shapiro
Immigration Court.
JFK Federal Building Rm. 320
Boston. Mass 02203-0002



Enclosed please find a copy of the following documents which I wish to bring to you immediate attention in regards to my case.

Thank you for your attention to this matter

On File:

Sincerely
Antonio Mederos

C.C Law Office of
Sally K. Vallely
One Main St 8th Flr.
Cambridge, Mass 02142

9-3-03. The state court cannot override my deportation order & the Immigration Bureau cannot deport you. You should request a hearing to determine whether or not you should be released from custody.

Look this document
that civil case on me