UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-40196-GAO

ANTONIO MEDEROS,
Petitioner,

v.

BRUCE CHADBOURNE, et al.,
Respondents.

ORDER
July 26, 2007

O'TOOLE, D.J.

On December 9, 2004, petitioner Antonio Mederos filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. According to the petition and the respondent's reply, on January 25, 2001, while Mederos was serving a criminal sentence, he was ordered removed from the United States by an Immigration Judge. Upon expiration of his sentence, he was found to be a sexually dangerous person under M.G.L. ch. 123A, § 12(d) and committed to the Massachusetts Treatment Center. Mederos argued that he should be released from the Massachusetts Treatment Center and placed into the custody of the Department of Homeland Security so that he could be removed from the United States. In an electronic order dated December 21, 2005, the Court dismissed the petition and this case was closed.

On April 16, 2007, Mederos sent a letter to the Clerk's office in which he asks for appointment of counsel so that he may compel enforcement of the 2001 order of removal. In the letter, Mederos also reiterates the position he took in the earlier habeas proceeding--that the Commonwealth of Massachusetts is "overrid[ing]" the order of removal by detaining him

pursuant to the commitment order. The letter was docketed in this case as a motion for appointment of counsel.

The motion is denied. In dismissing Mederos's petition, the Court has already rejected the argument on which Mederos bases his request for counsel. His continued detention by the Commonwealth of Massachusetts does not "override" the order of removal. The federal government has discretion to decide when or whether to execute a removal order, and the use of that discretion is not subject to judicial review. See 8 U.S.C. § 1252(g); Reno v. American Arab Anti-Discrimination Comm., 525 U.S. 471, 483 (1999); Alvidres-Reyes v. Reno, 180 F.3d 199, 201 (5th Cir. 1999). As Mederos's position is without merit, and his petition has long been dismissed, there is no ground for appointment of counsel.

SO ORDERED.

 7/26/07                                             /s/ George A. O'Toole, Jr.
DATE                                                GEORGE A. O'TOOLE, JR.
                                                    UNITED STATES DISTRICT JUDGE